```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON
```

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal No. |
| | ) | 5:15-51-JMH |
| v. | ) | |
| | ) | |
| JASON THOMAS GAY, | ) | |
| | ) | **OPINION AND ORDER** |
| Defendant. | ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on Defendant Jason Thomas Gay's *pro se* motion for compassionate release (DE 58). For the reasons stated below, Gay's motion is denied.

On June 20, 2016, Gay pleaded guilty to one counts of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (DE 1; DE 26; DE 36). He was sentenced to a term of 162 months of imprisonment[1] with five years of supervised release. (DE 36). Gay is currently 44 years of age, and is projected to be released from the medium security federal correctional institution (FCI) in Manchester, Kentucky on May 2028.

On July 22, 2022, Gay filed a motion for compassionate release

---

[1] The Court ordered Gay's sentence to run concurrent to any remaining state-imposed sentences. *See* DE 36 at 2.

Page **1** of **4**

pursuant to 18 U.S.C. § 3582(c)(1)(A), asking for early release from detention, or alternatively, home confinement. The Court ordered the United States to file an expedited respond. (DE 59). Now, having done so, the United States contends that the Court is without jurisdiction to consider the defendant's request because the exhaustion requirement has not been met. (DE 60 at 2-3).

Pertinent to the issue at hand, the court "may not modify a term of imprisonment" based on a defendant's compassionate release motion until "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit has ruled that, despite the circumstances presented by COVID-19, the exhaustion requirements found in § 3582(c)(1)(A) are mandatory and thus present "a glaring roadblock foreclosing compassionate release." *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020)). Prisoners have two routes, then, to directly petition courts for compassionate release: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release, or (2) file a motion after "the lapse of 30 days from the receipt of such a request" by the warden of the prisoner's facility. 18 U.S.C. § 3582(c)(1)(A).

There are no listed exceptions to the exhaustion requirement.

As noted, the statute at issue speaks directly to the Court's authority to modify a sentence, stating that it may only do so once the BOP denies a request for compassionate release and the defendant appeals, or if the warden fails to respond to a request or file a motion within thirty days. Because the statute explicitly states that only then may a defendant turn to the judiciary, those requirements are clearly jurisdictional and prevent the Court from considering Gay's Motion at this time.

The exhaustion requirement exists to give the BOP an opportunity to conduct an in-depth analysis of the defendant and to seriously consider whether release is warranted. This is so, because the Court is not well positioned to consider an inmate's medical history, his conduct while incarcerated, the inmate's re-entry plan, the inmate's vulnerability, his potential danger to the community, or the unique problems related to COVID-19 at the particular facility. The BOP is in the best position to do so. Gay has failed to fully exhaust the administrative procedures required by 18 U.S.C. § 3582. Thus, the Court is without jurisdiction to decide the merits of his motion at this time.

Having considered the matter fully, and the Court being otherwise sufficiently advised, it is hereby ORDERED that Defendant Jason Thomas Gay's motion for compassionate release (DE 58) is hereby DENIED without prejudice.

Dated this 1st day of August, 2022.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge