```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION at LEXINGTON
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|    Plaintiff, | ) | Criminal Case No. |
| | ) | 5:15-51-JMH-1 |
| v. | ) | |
| | ) | |
| JASON THOMAS GAY, | ) | |
| | ) | **OPINION AND ORDER** |
|    Defendant. | ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on Defendant Jason Thomas Gay's renewed *pro se* motion for compassionate release. (DE 63). For the reasons stated below, Defendant's motion is **denied.**

On June 20, 2016, Defendant entered a guilty plea to Count One of the Indictment for possession with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1); and Count Two of the Indictment for being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (DE 1; DE 26; DE 36). For both counts, he was sentenced to a below-guidelines term of 162 months of imprisonment, which was to run concurrent to any remaining state-imposed sentences, and five years of supervised release. (DE 36 at 2-3). Defendant's conviction and sentenced were affirmed on appeal (*see* DEs 49 & 50).

Defendant is currently 44 years of age, and is projected to be released from the Federal Correctional Institution (FCI) in

Manchester, Kentucky on May 2028. He has filed a motion pursuant to 18 U.S.C. § 3582(c)(1)(A), asking for a sentence reduction. (DE 63). More acutely, he asks the Court to modify his sentence to reflect the 609 days of custody credit that he alleges was not accounted for at sentencing, or to order his sentence reduction by 609 days *sua sponte*. (*Id*.). The Court previously found that Defendant had not exhausted his administrative remedies prior to filing this motion (DE 61); however, now that the Defendant has provided evidence demonstrating that he has, in fact, pursued exhaustion (*see* DE 63-1 at 1-2) the United States concedes that the Court has jurisdiction to consider this motion. (DE 64 at 3).

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court may "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). However, under the applicable provision of Section 3582(c)(1)(A), the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides *some* guidance, but

the Sixth Circuit has determined that it does not apply to "cases where an imprisoned person files a motion for compassionate release." *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020). Thus, until the Sentencing Commission updates the policy statement to reflect that inmates may now file a compassionate-release motion on their own, district courts have "full discretion ... to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id*. at 1109.

As an initial matter, Defendant has not identified a cognizable reason for the Court to find that relief under § 3582 is warranted. The United States is correct that the Attorney General, acting through the Bureau of Prisons ("BOP"), is responsible for calculating and implementing a federal prisoner's sentence. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). As such, it is well-settled that motions challenging the execution of an inmate's sentence are to be directed first to the Attorney General and the BOP. Then, once administrative remedies have been exhausted, a defendant may seek judicial review of the computation of time credits. *Id*. Such motions are properly filed under 28 U.S.C. § 2241 in the district of incarceration. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (Section "2241 is appropriate for claims challenging the execution or manner in which the sentence is served.").

Here, there is no evidence to suggest that the BOP has had the opportunity to review his challenge to the computation of his sentence, or that he even sought relief through the BOP in the first place. And further, as Defendant points out by virtue of his attached filing (*see* 63-1 at 6), he has already attempted relief pursuant to § 2241 in this Court. *Jason T. Gay, v. H.L. Ray*, Case No. 6:22-cv-00012-CHB (DEs 7 & 8). Judge Boom found that the Court lacked subject-matter jurisdiction to consider his motion and dismissed his case. In sum, the Court cannot find grounds to warrant Defendant's sentence reduction pursuant to § 3553(a).

In any case, even if the Court were to find that Defendant could meet this initial hurdle of expressing an extraordinary and compelling reason under § 3582, the Court would still be required to find that the sentencing factors at 18 U.S.C. § 3553(a) would support relief in order to grant his motion. The Court considered these factors extensively at Defendant's original sentencing hearing (*see e.g.,* DE 47). Defendant was classified as a career offender for purposes of sentencing, with his guidelines range varying between 262 to 327 months. The Court varied downwards, significantly, sentencing the Defendant to 162 months. Considering all of the § 3553(a) factors, for the reasons stated in this opinion and at the time of Defendant's sentencing, it is not appropriate to order his release at this time. Reducing Defendant's

sentence now would only serve to undermine the sentencing objectives under § 3553(a), as well as lessen the gravity of his convictions and the weight of his criminal history.

Therefore, because Defendant cannot meet the requirements for asserting relief under this statute or identify a cognizable reason warranting a sentence reduction,

IT IS HEREBY ORDERED that Defendant Jason Thomas Gay's renewed motion for compassionate release (DE 63) is DENIED.

Dated this the 17th day of August, 2022



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge